**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **STEVE LEMIN,** | § | |
| **Plaintiff;** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:11-cv-02239-N** |
| | § | |
| **SOUTHERN FOODS GROUP, L.L.C. d/b/a,** | § | |
| **Schepps Dairy,** | § | |
| **Defendant.** | § | |

---

### DEFENDANT'S RESPONSE TO PLAINTIFF STEVE LEMIN'S MOTION TO REMAND AND FOR SANCTIONS AND BRIEF IN SUPPORT OF SUCH RESPONSE

---

Respectfully Submitted,

MULLIN HOARD & BROWN, LLP
Chad L. Farrar, SBN 00793716
C. Brett Stecklein, SBN 00794688
Park Place at Turtle Creek
2911 Turtle Creek Blvd., Suite 880
Dallas, Texas 75219
Telephone:  (214) 754-0040
Facsimile:   (214) 754-0043

-and-

MULLIN HOARD & BROWN, LLP
M. Andrew Stewart, SBN 24037554
P.O. Box 2585
Lubbock, Texas 79408-2585
Telephone:    (806) 765-7491
Facsimile:    (806) 765-0553

***Attorneys for Defendant, Southern Foods Group, L.L.C. d/b/a Schepps Dairy***

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................... ii

I.     INTRODUCTION AND SUMMARY OF ARGUMENTS ...................................................1

II.    FACTUAL AND PROCEDURAL BACKGROUND ........................................................4

III.   ARGUMENTS AND AUTHORITIES .........................................................................7

       A.     Response to Plaintiff's Suggestion that Removal was for Delay ...........7

       B.     Standards of Review – Removal of Cases Involving Complete Pre-Emption........7

       C.     Basis for Removal – Federal Question ................................................10

              1.     ERISA Complete Pre-Emption ...............................................10

                     i.     Injunctive relief against Plan Administrator's enforcement of plan provisions is completely pre-empted.....................................10

                     ii.    Retaliation claims do not exist under Texas law, are therefore properly characterized as ERISA Sec. 510 Claims and are completely pre-empted ...............................................12

                     iii.   Removal of ERISA claims based on complete pre-emption ...........14

                     iv.    IIED claims are completely pre-empted and removable ...............16

       D.     Exclusive Jurisdiction Provides Basis for Removal .............................18

              1.     Plaintiff's Application for Injunctive Relief States a Claim for Retaliation and Interference with ERISA Rights and is Exclusively Enforceable under ERISA § 502(a)(3)...............................................18

       E.     Defendants' Request for Attorney's Fees ............................................20

              i.     Fees Under Removal Statute................................................20

              ii.    Rule 11 Sanctions .............................................................21

       F.     Other Removal Issues .......................................................................22

PRAYER........................................................................................................22

CERTIFICATE OF SERVICE ...................................................................................23

**TABLE OF AUTHORITIES**

**Federal Cases**                                                                                                    **Page**

*Aetna Health Inc. v. Davila*, 542 U.S. 200,
    124 S.Ct. 2488, 159 L.Ed.2d 312 (2004) .................................................... 8, 9, 10, 15-16

*Arana v. Oschner Health Plan*, 338 F.3d 433 (5th Cir. 2003) (en banc) ................................... 2, 8

*Barber v. Miller*, 146 F.3d 707 (9th Cir. 1998) ........................................................................ 21

*Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003) .................................................................. 9

*Burks v. Amerada Hess Corp.*, 8 F.3d 301 (5th Cir. 1993) rev'd on other grounds ................... 10

*Carlyle v. CSX Transp., Inc.,* 2001 WL 210260 (N.D.Tex. 2001) (Fish, J.) ......................... 14, 15

*Carnes v. Data Return, LLC*, 2005 WL 265167 (N.D.Tex. 2005) (Fitzwater, J.) ........................ 7

*Crockett v. R.J. Reynolds Tobacco Co.,* 436 F.3d 529 (5th Cir. 2006)........................................... 3

*Cypress Fairbanks Medical Center, Inc. v. Pan-American Life Ins. Co.*,
    110 F.3d 280 (5th Cir. 1997) ........................................................................................... 10

*Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321 (10th Cir. 1994) ...................................... 20

*De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir.1995).................................................................. 8

*Degan v. Ford Motor Co.*, 869 F.2d 889 (5th Cir. 1989) ........................................................... 10

*Giles v. NYL Care Health Plans, Inc.*, 172 F.3d 332 (5th Cir. 1999) .......................................... 10

*Grable & Sons Metal Prods, Inc. v. Darue Eng'g & Mfg.*, 125 S.Ct. 2363 (2005)..................... 10

*Graf v. Daimler Chrysler Corp.*, 190 F.Supp.2d 1002 (E.D. Mich. 2002)........................... 13, 16

*Hook v. Morrison Milling Co.*, 38 F.3d 776 (5th Cir. 1994) ......................................................... 3

*Hubbard v. Blue Cross & Blue Shield Ass'n*, 42 F.3d 942 (5th Cir. 1995) ................................... 8

*Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133,
    111 S.Ct. 478, 112 L.Ed.2d 474 (1990) .............................................................. 13, 16, 18

*Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908) ....... 8

*McAteer v. Silverleaf*, 514 F.3d 411 (5th Cir. 2008).................................................................... 3

*Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)............ 8, 9, 10

*Meyers v. Texas Health Resources*,
    2009 WL 3756323 (N.D. Tex 2009) (Fitzwater, C.J.) ..................................... 2, 7-8, 9, 14

*Miranti v. Lee*, 3 F.3d 925 (5th Cir. 1993).................................................................................. 20

*Morgan Guar. Trust Co. v. Republic of Palau*, 971 F.2d 917 (2d Cir. 1992) ............................. 20

*Reece v. Houston Lighting & Power*, 79 F.3d 485 (5th Cir. 1996) ........................................ 17-18

*Ridder v. City of Springfield*, 109 F.3d 288 (6th Cir. 1997) ...................................................... 21

*Roark v. Humana, Inc.*, 2001 WL 585874 (N.D.Tex. 2001) (Fitzwater, J.).................................. 9

*Roark v. Humana, Inc.*, 307 F.3d 298 (5th Cir. 2002) ................................................ 9

*Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014 (5th Cir.1993)........................... 8

*Smith v. Logan*, 363 F.Supp.2d 804 (E.D. Virginia, 2004)....................................... 14

*Smith v. Houston Oilers, Inc.*, 87 F.3d 717 (5th Cir.1996) ...................................... 17

*Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290 (5th Cir. 2000) ............................... 20

*Westfall v. Bevan*, 2009 WL 111577 (N.D.Tex. 2009) (Fitzwater, C.J.)....................... 8

*Wilson v. Kimberly-Clark Corp.*, 254 Fed. Appx. 280 (5th Cir. 2007) (per curiam) ......... 9

*Wood v. Prudential Insurance Co.*, 207 F.3d 674 (3d Cir.2000)........................... 13-14

## Federal Statutes                                                                          Page

28 U.S.C. §1367(a) & (c)........................................................................... 19

28 U.S.C. §1441(a) ............................................................................... 8, 22

28 U.S.C. §1441(b) ................................................................................. 10

28 U.S.C. §1446(b) .................................................................................. 9

28 U.S.C. §1446(b) .................................................................................. 3

28 U.S.C. §1447(c) ................................................................................. 20

29 U.S.C. §1132(a)(1)(B) ........................................... 9, 10, 13, 14, 15, 16, 18, 19

29 U.S.C. §1132(a)(3) ............................................................. 13, 16, 18, 19

29 U.S.C. §1132(e) ................................................................... 10, 13, 19

29 U.S.C. §1331 ................................................................................. 9-10

29 U.S.C. §1140 ...................................................................... 12, 13, 14

## Federal Rules of Civil Procedure                                        Page

FED. R. CIV. P. 11(b)(1)-(4) ................................................................... 21

FED. R. CIV. P. 11(c)(2)........................................................................ 21

## Starte Cases and Statutes                                               Page

*Hoffman-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438 (Tex. 2004) ....................... 17

*Kroger Tex. L.P. v. Suberu*, 216 S.W.3d 788 (Tex. 2006)...................................... 17

*Texas Mexican Ry. Co. v. Boudet*, 963 S.W.2d 52 (Tex. 1998)............................... 12

*Tiller v. McClure*, 121 S.W.3d 709 (Tex. 2003)............................................ 17

TEXAS LABOR CODE §457.001, *et. seq*....................................................... 12

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **STEVE LEMIN,** | § | |
| **Plaintiff;** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:11-cv-02239-N** |
| | § | |
| **SOUTHERN FOODS GROUP, L.L.C. d/b/a,** | § | |
| **Schepps Dairy,** | § | |
| **Defendant.** | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF STEVE LEMIN'S MOTION TO
REMAND AND FOR SANCTIONS AND BRIEF IN SUPPORT OF SUCH RESPONSE**

**TO THE HONORABLE DAVID C. GODBEY, UNITED STATES DISTRICT JUDGE:**

NOW COMES Southern Foods Group, L.L.C. d/b/a Schepps Dairy**,** Defendant herein, and files this Response to Plaintiff's Motion to Remand and for Sanctions and Brief in Support of Such Response and in opposition to the Motion to Remand, would respectfully show:

**I.
INTRODUCTION AND SUMMARY OF ARGUMENTS**

1.       Defendant is Southern Foods Group, L.L.C. d/b/a Schepps Dairy (herein, "SFG" or "Defendant"). Plaintiff is Steve Lemin ("Plaintiff").

2.       SFG submits this Response and Brief to provide the Court with clarification of its basis for removal, and to address Plaintiff's Motion to Remand and Brief in Support [Docket Entry Nos. 3 & 4, respectively] (the "Motion to Remand").

3.       Although Defendant is aware of the well-pleaded complaint rule, the facts and circumstances of the instant case present a scenario that does not lend itself to resolution through summary application of that rule. Further, while it is true that Plaintiff's original claims were not subject to federal jurisdiction and therefore required adjudication in state court, the same is not

Defendant's Response to Plaintiff Steve Lemin's Motion to Remand
and for Sanctions and Brief in Support of Such Response
12031.12

Page 1 of 23

true for Plaintiff's amended claims for injunctive relief.[1] Nor is the same true for the claims asserted in Plaintiff's First Amended Petition – for retaliation and/or intentional infliction of emotional distress. It is the subject matter invoked by recently amended claims that provides the basis for – and, more importantly, *requires* – adjudication of this case in federal court on the basis of federal question jurisdiction.

4.      As recognized consistently by this Court, "there is an exception to the well pleaded complaint-rule, though, if Congress 'so completely pre-empts[s'] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Meyers v. Texas Health Resources*, 2009 WL 3756323 at *2 (N.D. Tex 2009) (Fitzwater, C.J.) (relying on *Arana v. Oschner Health Plan*, 338 F.3d 433, 437 (5th Cir. 2003) (en banc) and noting that ERISA is such a statute). The amended claims and request for injunctive relief sought by Plaintiff in this case include claims that are duplicated, supplemented, or supplanted by the ERISA civil enforcement remedy in conflict with the clear intent of Congress to make ERISA the exclusive remedy. Therefore such claims are completely pre-empted and hence, removable to federal court. *Id*. at *2-3.

5.      Plaintiff's claims for injunctive relief, as set out in Plaintiff's Application for Temporary Injunction, arise out of claims that directly challenge the Plan Administrator's exercise of discretion in setting out the work functions of the Plaintiff after his return to the job. Plaintiff's amended pleadings attempt to pit alleged doctor's restrictions against the functions the Plan Administrator has approved, and which the Defendant has carried out as Plan

---

[1] It should be noted that the Plaintiff's application for injunctive relief has not been amended, released, dismissed or withdrawn by the Plaintiff.  Plaintiff glosses over this fact by simply stating that the Court "denied" Plaintiff's TRO Application; however, the state court only denied the application for emergency temporary restraining order, as the Plaintiff failed to properly verify the application or attach a required affidavit.  The remaining requests for injunctive relief were not denied and remain pending before the State Court.

Defendant's Response to Plaintiff Steve Lemin's Motion to Remand                    Page 2 of 23
and for Sanctions and Brief in Support of Such Response
12031.12

Administrator. Plaintiff's First Amended Petition attempts to couch his claims as for "retaliat[ion] against at least 3 injured Plaintiffs represented by [Tom Carse][2] by instructing the Plaintiffs… to violate their physician's modified work restrictions…[t]he physical demands of that task require Plaintiff to violate his physician's Orders…" Pl.'s First Am. Pet., p. 5.[3] Contrary to Plaintiff's hindsight attempt to sidestep ERISA, the claims for "retaliation" and intentional infliction of emotional distress are little more than semantic window dressing for second-guessing the administration of the ERISA-governed Plan. Therefore, these claims are completely pre-empted, and federal subject matter jurisdiction is invoked.

6.      Defendant timely removed the case; removal occurred within 7 days of being served with the pleading containing the newly asserted federal question. Even Plaintiff recognizes in his Brief that "[w]here the initial pleading does not contain a cause of action that its removal but the Plaintiff files an amended petition adding a cause of action making the case removable, the Defendant has 30 days from the filing of the amended pleading to remove the case." Pl's Br. at pg. 3; *see* 28 U.S.C. §1446(b). The statute actually provides that if a case is not originally removable, but becomes removable later by a voluntary act of the plaintiff, then removal must be filed within 30 days of receipt of a copy of an *amended pleading*, *motion, order or other paper* from which the defendant can ascertain the case is removable. *Id.* (*emphasis added*); *Crockett v. R.J. Reynolds Tobacco Co.,* 436 F.3d 529, 532 (5th Cir. 2006).  This case was timely removed.

---

[2] The only logical conclusion is that these Plaintiffs include Plaintiff, Greg Marquez and Joseph Duchane (the latter two of which Defendant also removed the state court cases to this Court on similar grounds).
[3] The First Amended Petition is attached as Exhibit L to the Defendant's Notice of Removal. Unless otherwise specifically noted, all Exhibit A-M references are to Exhibits filed with Defendant's Notice or Removal, Docket #1. All additional exhibits to this Brief will be numbered rather than lettered to avoid confusion.
[3] *See e.g., McAteer v. Silverleaf,* 514 F.3d 411 (5th Cir. 2008); *Hook v. Morrison Milling Co.,* 38 F.3d 776 (5th Cir. 1994)

Defendant's Response to Plaintiff Steve Lemin's Motion to Remand                    Page 3 of 23
and for Sanctions and Brief in Support of Such Response
12031.12

## II.
### FACTUAL AND PROCEDURAL BACKGROUND

7.      Plaintiff's lawsuit was filed in County Court at Law No. 4, Dallas County, Texas, in Cause No. CC-11-04774-D styled "*Steve Lemin v. Southern Foods Group, L.L.C. d/b/a Schepps Dairy.*" A true and correct copy of the Original Petition is attached to Plaintiff's Notice of Removal as Exhibit "F." At the outset, the suit only involved claims for non-subscriber negligence against Defendant as the Plaintiff's employer. This case was only filed on July 7, 2011 – only 46 days prior to Plaintiff amending the pleadings to add federal questions into the suit and roughly 53 days prior to the Defendant's removal of the suit.[4]

8.      SFG was Plaintiff's employer at the time of the alleged incident. However, as Plaintiff and his counsel are very aware, SFG acts in two capacities with respect to workplace injuries. First, SFG is the employer as noted above. Second, SFG acts as the Plan Administrator of the SOUTHERN FOODS GROUP, LLC VOLUNTARY EMPLOYEE INJURY BENEFITS PLAN (the "Plan"), a true and correct copy of which is attached as **Exhibit "A-1"** to the Declaration of Kevin Lutzke, NWC Manager of the Plan. Plaintiff is aware of this dual role, because his counsel has communicated with SFG in its capacity as plan administrator throughout the pendency of this litigation.

9.      SFG is a non-subscriber under the Texas Worker's Compensation Act. *See* **Exhibit "A"** – Declaration of Kevin Lutzke, NWC Manager of the Plan. As a nonsubscriber, SFG elects to provide benefits for work-related injuries pursuant to the Plan, including medical expenses and other benefits incurred by employees who are injured at work. As stated, SFG acts

---

[4] Plaintiff's counsel filed virtually identical pleadings in 2 other state cases that Defendant has removed to this Court; the other two being cases involving Joseph Duchane and Greg Marquez. Plaintiff's counsel has asked the Court to remand those removals because those cases were much further along than the instant case. Contrary to implications made in those other cases, it is clear through this removal that Defendant was not removing to avoid trial; instead Defendant removed all three cases with identical pleadings based on the Plaintiff's decision to file amended pleadings that Defendant asserts invoke the complete pre-emption doctrine.

Defendant's Response to Plaintiff Steve Lemin's Motion to Remand                    Page 4 of 23
and for Sanctions and Brief in Support of Such Response
12031.12

as the Plan Administrator under the Plan. *See* Plan – Pages 6-10; **Exhibit "A"** – Declaration of Kevin Lutzke, NWC Manager of the Plan.

10.     The Plan provided benefits to the Plaintiff for medical care and replacement wages. *See* **Exhibit "A"** – Declaration of Kevin Lutzke, NWC Manager of the Plan. Pursuant to the rules and guidelines of the Plan, the Plan provides oversight of the medical treatment of its participants who receive medical benefits for injuries under the Plan. *Id.* Further, the Plan Administrator, through its occupational injury benefits department, oversees the medical expenses, medical treatments and other medical management issues pursuant to the terms and conditions of the Plan. *Id*. This includes oversight by the Plan Administrator of an injured employee's return to work and monitoring of the Participant's adherence to the Approved Physician's modified duty work restrictions. *Id*.

11.     On or about August 16 & 19, 2011, Plaintiff was provided with a release to return to work on light duty by Dr. Richard S. Levy of Texas Sports Medicine, Plaintiff's Approved Medical Provider treating him for his alleged injuries suffered at work (which injuries form the basis of his negligence claims against his employer). This work release is attached as Exhibit A-2 to **Exhibit "A"** – Declaration of Kevin Lutzke, NWC Manager of the Plan.

12.     On or about August 18, 2011, Plaintiff's counsel (Tom Carse) sent a letter to the Plan, through Terry Stansberry, OIB Coordinator of the Plan. The letter relates to Joseph Duchane, another plaintiff Mr. Carse is representing in a similar case (wherein he stated that Mr. Duchane had received a light duty work release, much like Plaintiff's light duty work release).[5] Such letter is attached as Exhibit A-3 to **Exhibit "A"** Declaration of Kevin Lutzke, NWC

---

[5] At the hearing on the TRO Application in the G. Marquez case, Mr. Carse even recognized that the "same facts apply to all three cases. The same work duty, the same instructions." *See* Ex. 1 – Transcript of TRO hearing from G. Marquez case, page 6, line 24 to page 7, line 1. Thus there is no basis to treat any of the cases differently, and the Court has ample basis to consider the implications of this letter in all three cases.

Defendant's Response to Plaintiff Steve Lemin's Motion to Remand                                    Page 5 of 23
and for Sanctions and Brief in Support of Such Response
12031.12

Manager of the Plan. The letter is important, because it shows the Plaintiff's explicit understanding that the Plan was managing the medical care of the Plaintiff as Plan Administrator. To suggest that the Plaintiff was communicating with the Defendant, as employer, in this letter would be to conclude that Mr. Carse directed communications to a party who he knew was represented by counsel.

13.     The letter from Plaintiff's counsel to the Plan Administrator threatens that if Plaintiff is asked to perform work outside alleged work restrictions - even if approved by the Plan Administrator – Defendant's management would follow the Plan Administrator's assessment "at their own peril".

14.     To exact that "peril," on or about August 22, 2011, Plaintiff filed an Emergency Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction (the "TRO Application"), asking the state court to enjoin SFG from forcing the Plaintiff to work outdoors and perform certain activities that the Plaintiff and his counsel unilaterally deem to be inconsistent with his doctor's work restrictions. The TRO Application is Exhibit "K" to the Notice of Removal.[6] Further, in the Amended Petition, Plaintiff also seeks a permanent injunction against Defendant from "allowing its managers to bully the injured Plaintiff into violating [Defendant's] policy…" *Id.* at 5. This clearly seeks further injunctive relief from the Defendant, despite any suggestions in Plaintiff's briefing to the contrary.

15.     Pursuant to the TRO Application and Amended Petition, Plaintiff requests temporary and permanent injunctive relief against Defendant and two managerial employees of the Defendant for enforcement of the work duty restrictions of Plaintiff's treating physician. Plaintiff also seeks to enforce rights for alleged retaliation and intentional infliction of emotional

---

[6] Plaintiff's TRO Application was denied by the state court for failure to properly present verified pleadings. However, the Plaintiff has neither dismissed nor withdrawn this pleading from the docket.

Defendant's Response to Plaintiff Steve Lemin's Motion to Remand                    Page 6 of 23
and for Sanctions and Brief in Support of Such Response
12031.12

distress, all arising out of the allegations that the individual supervisors forced the Plaintiff to perform work that the Plaintiff unilaterally deems in violation of his doctor's work restrictions. In any event, the basis of these allegations for injunctive relief, as well as the basis for retaliation and intentional infliction of emotional distress, is interference with and alleged violations of the work restrictions placed on the Plaintiff by the Approved Provider providing medical treatments for Plaintiff's injury under the terms of the Plan.

### III.
### ARGUMENTS AND AUTHORITIES

**A.** **RESPONSE TO PLAINTIFF'S SUGGESTION THAT REMOVAL WAS PART OF SCHEME TO DELAY OTHER UPCOMING TRIALS**

16.     Prior to addressing the propriety of the removal, Defendant will address the timing of removal. That removal occurred when it happened was not the design of Defendant. Nor was it some nefarious scheme to remain "consistent" with other cases, to create legitimacy for other removals Plaintiff deems improper. While it is true that Defendant remained consistent, that is only because, as Plaintiff fully acknowledges, the three (3) removals before the Court were filed on nearly identical facts.  Defendant refers the Court to the pleadings in Duchane and Marquez cases for discussion and response to the arguments of counsel regarding the "delay" alleged by the Plaintiff. As the pleadings show, the removal occurred because the Plaintiff filed amended pleadings and asserted new causes of action that invoke federal jurisdiction.  If the removal causes any prejudice to the Plaintiff, it is the result of Plaintiff's pleading strategy.

**B.** **STANDARDS OF REVIEW – REMOVAL OF CASES INVOLVING COMPLETE PRE-EMPTION**

17.     A removing party "has the burden of overcoming an initial presumption against jurisdiction and establishing that removal is proper." *Carnes v. Data Return, LLC*, 2005 WL 265167, at *1 (N.D.Tex. 2005) (Fitzwater, J.). "In general, defendants may remove a civil action

Defendant's Response to Plaintiff Steve Lemin's Motion to Remand                                    Page 7 of 23
and for Sanctions and Brief in Support of Such Response
12031.12

if a federal court would have had original jurisdiction." *Meyers*, 2009 WL 3756323 at *2 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995); 28 U.S.C. § 1441(a)). This case does not involve diverse citizens. Therefore, Defendant must establish removal based on federal question jurisdiction. *Id.* Where a Plaintiff attempts to avoid stating a claim that appears federal in nature, a Defendant can still establish removal jurisdiction if ERISA completely preempts one or more of Plaintiff's claims. *Id.; see, e.g., Westfall v. Bevan*, 2009 WL 111577, at *2 (N.D.Tex. 2009) (Fitzwater, C.J.).

18.     Ordinarily, "[r]emoval is not possible unless the plaintiff's 'well pleaded complaint' raises issues of federal law sufficient to support federal question jurisdiction." *Meyers*, 2009 WL 3756323 at *2; *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir.1993) (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908)). However, as this Court has consistently noted, "[t]here is an exception to the well-pleaded complaint rule, though, if Congress 'so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character.' *Meyers*, 2009 WL 3756323 at *2; *Arana v*, 338 F.3d at 437 (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)). It is well established that ERISA is such a statute. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004). "Therefore, any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id.* at 209; *see also Hubbard v. Blue Cross & Blue Shield Ass'n*, 42 F.3d 942, 945 (5th Cir. 1995) (citing *Metropolitan Life*, 481 U.S. at 66 for the proposition that ERISA occupies an entire field, rendering any claim a plaintiff may raise necessarily federal in character).

Defendant's Response to Plaintiff Steve Lemin's Motion to Remand                    Page 8 of 23
and for Sanctions and Brief in Support of Such Response
12031.12

19.     Under complete pre-emption, it is well established that ERISA can override the "well-pleaded complaint" rule and requires that a plaintiff's claims for relief, although "artfully pled" as state law claims, must be re-characterized to reflect their true, federal nature. *Aetna Health*, 542 U.S. at 207-08; *Roark v. Humana, Inc.*, 2001 WL 585874, at *1 (N.D.Tex. 2001) (Fitzwater, J.) (upheld on appeal, *Roark v. Humana, Inc.*, 307 F.3d 298, 305 (5th Cir. 2002)). When that happens, such claims give rise to federal question jurisdiction sufficient to remove the action to federal court under 28 U.S.C. § 1446; *Id.*; *See also, Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003); *Metropolitan Life*, 481 U.S. at 66-67; *Meyers*, 2009 WL 3756323 at *2.

20.     Further, even if Plaintiff's state-court petition avoids mention of a benefit plan, a Court can still consider the substance of the underlying plan to see if ERISA preemption applies. *Meyers*, 2009 WL 3756323 at *4 (noting that in other Fifth Circuit cases the "Plaintiffs, by avoiding any mention of a 'plan' in the proceedings, could not avoid the fact that the very severance benefits they claimed had been wrongfully denied were disbursed pursuant to a plan" citing *Wilson v. Kimberly-Clark Corp.*, 254 Fed. Appx. 280, 286 (5th Cir. 2007) (per curiam)).

21.     The applicable ERISA civil enforcement sections provide that a civil action is to be brought "(1) *by a participant* or beneficiary-- (B) to recover benefits due to him under the terms of his plan, *to enforce his rights under the terms of the plan*, or to clarify his rights to future benefits under the terms of the plan;"…or "(3) *by a participant*, beneficiary, or fiduciary (A) *to enjoin any act or practice which violates* any provision of this subchapter or *the terms of the plan*, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) *to enforce any provisions of this subchapter or the terms of the plan*." 29 U.S.C. §1132(a)(1)(B) and (3) (*emphasis added*). Actions brought in this vein have been characterized as "federal questions" since those cases arise under the Constitution, laws, or treaties of the United States.

Defendant's Response to Plaintiff Steve Lemin's Motion to Remand                    Page 9 of 23
and for Sanctions and Brief in Support of Such Response
12031.12

29 U.S.C. §1331.  A suit is within the scope of §502(a)(1)(B) even though it "purports to raise only state law claims is necessarily federal in character by virtue of the clearly manifested intent of Congress."  *Metropolitan Life*, 107 S.Ct. at 1548.  In other words, ERISA's civil enforcement provisions operate to re-characterize state law claims for enforcement of ERISA rights into actions arising under federal law. *Degan v. Ford Motor Co.*, 869 F.2d 889, 893 (5th Cir. 1989). Federal Courts have removal jurisdiction and, in some instances, exclusive federal jurisdiction over these claims.  28 U.S.C. §1331; 29 U.S.C. §1132(e).

## C.   BASIS FOR REMOVAL – FEDERAL QUESTION

22.    Removal is proper because Plaintiff's suit, with his recent addition of claims for retaliation, intentional infliction of emotional distress, and requests for injunctive relief, involves federal questions. *See* 28 U.S.C. §§ 1331, 1441(b); *Grable & Sons Metal Prods, Inc. v. Darue Eng'g & Mfg.*, 125 S.Ct. 2363, 2367 (2005); *Aetna Health Inc. v. Davila*, 542 U.S. 200, 124 S.Ct. 2488 (2004); *Cypress Fairbanks Medical Center, Inc. v. Pan-American Life Ins. Co.*, 110 F.3d 280, 281 (5th Cir. 1997) (federal law preempts state action when claims for recovery invoke plans governed under ERISA); *Burks v. Amerada Hess Corp.*, 8 F.3d 301 (5th Cir. 1993) rev'd on other grounds; *Giles v. NYL Care Health Plans, Inc.*, 172 F.3d 332 (5th Cir. 1999) (claims for intentional infliction of emotional distress relating to wrongful discharge that seek lost benefits from ERISA Plan are pre-empted by ERISA).

### 1.    ERISA Complete Pre-Emption

i.    *Injunctive relief against Plan Administrator's enforcement of plan provisions is completely pre-empted*

23.    Looking at the substance of the Plaintiff's claims for injunctive relief, his pleadings make clear that Plaintiff is either (1) asking to enjoin the Plan Administrator from exercising the discretion afforded to it under the Plan, or (2) seeking to enjoin the Defendant

Defendant's Response to Plaintiff Steve Lemin's Motion to Remand                    Page 10 of 23
and for Sanctions and Brief in Support of Such Response
12031.12

from following the Plan Administrator's recommendations. Either way, Plaintiff's sought-for relief seeks to challenge the authority given to the Administrator by the Plan itself.

24.     To the extent Plaintiff attempts to cast his claims as only against SFG as employer, it is clear this is a distinction without difference. Plaintiff's recent claims for injunctive relief are not against the Defendant as "employer" and therefore the claims are not for independent duties that the employer might have under Texas law. The claims for injunctive relief are to prevent the Defendant from improperly administering the doctor's work restrictions. Those claims are necessarily being asserted against Defendant in its role as Plan Administrator, as it is in this role that Defendant actually obtains the doctor's work restrictions and enforces those work restrictions. *See* Paragraphs 8-13, *supra*.   SFG, as Plan Administrator of the Plan provides all decisions, instructions and guidance on enforcing work restrictions through its medical management responsibilities under the Plan. *Id.* When one considers that under Texas law there is no right to one's at will employment, and that an employer that does not subscribe to worker's compensation is free to fire for an employee's failure to work based on injury, the Plaintiff could have no claim to attempt to force SFG, solely as the Plaintiff's employer, to comply with the doctor's restrictions. In other words, without the Plan and its enforcement provisions related to Plan Authorized Provider's restrictions,[7] there would be no claim. [8]

25.     The fact that these claims and requests for injunctive relief are pointed against the Defendant as Plan Administrator cannot be denied by the Plaintiff. Plaintiff certainly understands the Defendant's dual role of the Defendant, and so does his counsel. Plaintiff's counsel sent a

---

[7] Among other terms and conditions of the Plan, a participant must return to work upon receipt of a release to return to restricted duty work by an Approved Medical Provider. *See* Plan - §5.1(C) (wherein benefits simply cease if the participant engages in conduct contrary to work limitations); §5.1(D) (wherein all benefits will cease the Participant fails to return to work for either regular duty or modified duty on the Participant's first scheduled workday after an Approved Physician has given the Participant a work release).  As such, enforcement of doctor's restrictions clearly falls within the ambit of plan administration.

[8] As addressed more fully in Paragraph 26 below.

Defendant's Response to Plaintiff Steve Lemin's Motion to Remand                               Page 11 of 23
and for Sanctions and Brief in Support of Such Response
12031.12

threatening letter to Defendant in its role as Plan Administrator in a case Plaintiff's counsel admits is identical in facts, telling the Defendant to comply with the doctor's restrictions and that failure to do so would be at Defendant's own peril. Certainly Plaintiff's counsel was not threatening the existing Defendant, as employer of the Plaintiff, with further peril. The only interpretation of this threat is that Plaintiff's counsel believed this peril would befall the Defendant as Plan Administrator.

> ii.     *Retaliation claims do not exist under Texas law, are therefore properly characterized as ERISA Sec. 510 Claims and are completely pre-empted*

26.     In his Amended Petition, Plaintiff alleges that decisions regarding the Plaintiff's work duties "constitute retaliation against Plaintiff for filing this lawsuit **_and_** amounts to intentional infliction of emotional distress against Plaintiff…"  Pl.'s First Am. Pet., p. 4. (*emphasis added*). However, as it relates to workplace injuries, there is no claim under Texas law for "retaliation", save for the retaliation claims found under Texas Labor Code §457.001, *et. seq*. Those provisions specifically provide an employee with a retaliation cause of action for pursuing *state worker's compensation claims*. Texas Supreme Court precedent holds that these anti-retaliation provisions of Texas Labor Code §457.001, do not apply to a non-subscriber. *Texas Mexican Ry. Co. v. Boudet*, 963 S.W.2d 52, 57 (Tex. 1998). As such, there is no state law claim for retaliation in the present case.  The only basis for a retaliation claim is found under ERISA.

27.     Pursuant to Section 510 of ERISA, ERISA makes it unlawful to discharge, fine, suspend, discipline or discriminate against a participant in an employee benefit plan for exercising any right under ERISA or an ERISA benefit plan or *for the purpose of interfering with any right to which a plan participant* may become entitled under ERISA or a benefit plan.  29 U.S.C. §1140 (emphasis added).

Defendant's Response to Plaintiff Steve Lemin's Motion to Remand                     Page 12 of 23
and for Sanctions and Brief in Support of Such Response
12031.12

28.     A claim for interference with ERISA-protected rights can be enforced through ERISA's general enforcement provisions. 29 U.S.C. §1132(a)(1)(B) (which includes not only claims for recovery of benefits from the Plan, but also includes claims seeking enforcement of rights under the terms of the Plan). An ERISA 510 claim may be asserted against the person who allegedly interfered with ERISA-protected rights. More saliently to the present dispute though, is that ERISA Section 510 claims may be enforced under ERISA Section 502(a)(3), which permits a court to award appropriate "equitable" relief to remedy a violation. 29 U.S.C. §1132(a)(3).

29.     ERISA Section 502(a)(3) permits actions by plan participants or beneficiaries or fiduciaries to enjoin any act or practice violating Title I of ERISA (Section 510 is part of Title I), to obtain other appropriate equitable relief or to enforce any provision of Title I of ERISA. 29 U.S.C. §1132(a)(3). As such, Plaintiff's request for injunction can properly be characterized as a request for injunction under ERISA Section 510's anti-retaliation statute (because the rights that Plaintiff has to be placed back on work with doctor's restrictions are derived from and enforced under the medical management terms of the Plan).

30.     Plaintiff's claims for retaliation are completely pre-empted by ERISA, where there is no cause of action for retaliation under State Law, but there is a claim for retaliation under ERISA that may be enforced by injunctive relief, and the retaliation that Plaintiff complains of arises out of the Defendant's administration of the ERISA governed Plan.  *See generally*, *Graf v. Daimler Chrysler Corp.*, 190 F.Supp.2d 1002, 1006 (E.D. Mich. 2002) (noting that the Supreme Court stated that 29 U.S.C. § 1132(a) is "the exclusive remedy for vindicating § 510–protected rights, and § 510 of ERISA "does not stand alone; by its terms it gains its enforcement vitality from [§ ] 502) (citing *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 145, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990) and *Wood v. Prudential Insurance Co.*, 207 F.3d 674,

Defendant's Response to Plaintiff Steve Lemin's Motion to Remand
and for Sanctions and Brief in Support of Such Response
12031.12                                                                                          Page 13 of 23

677 (3d Cir.2000)); *Smith v. Logan*, 363 F.Supp.2d 804, 811 (E.D. Virginia, 2004) (holding that where the crux of a plaintiff's claims alleges that a defendant had a specific purpose of interfering with rights under an ERISA plan, the plaintiff's claims fell under §510 and were therefore removable as §510 claims are completely pre-empted by ERISA).

> iii.    Removal of ERISA claims based on complete pre-emption

31.    To determine whether ERISA §502 completely pre-empts the Plaintiff's claims and requests for injunctive relief, the Court must determine whether one or more of Plaintiff's claims seek to enforce Plaintiff's rights under the Plan. The claims that Plaintiff asserts in the TRO Application and in the Amended Petition are for damages and injunctive relief to prevent interference with doctor's restrictions.  The claims seek to enforce the Plaintiff's rights under the Plan and ERISA to have his doctor's restrictions properly interpreted and enforced pursuant to the terms of the Plan.

32.    Section 502 authorizes private suits "brought by a participant or beneficiary to recover benefits due to him under the terms of his plan." 29 U.S.C. §1132(a)(1)(B). That provision goes on further to provide a participant may bring civil action to enforce his rights under the terms of the plan.  It is well established that claims for breach of contract due to unpaid benefits under an ERISA plan are preempted under § 502. *Meyers*, 2009 WL 3756323 at *4.  For example, in *Carlyle v. CSX Trasns., Inc.*, this Court held that the plaintiff's state claims were completely preempted and thus removable. *See Carlyle v. CSX Transp., Inc.*, 2001 WL 210260, at *2-*3 (N.D.Tex. Feb.28, 2001) (Fish, J.). In *Carlyle* the plaintiff avoided any mention in his pleadings of his former employer's severance plan, but instead alleged only that the suit was for breach of contract based on a promise of separation pay. *Id*. Judge Fish rejected this characterization and "determined that [plaintiff's] suit is, in fact, an action to recover benefits

Defendant's Response to Plaintiff Steve Lemin's Motion to Remand                                      Page 14 of 23
and for Sanctions and Brief in Support of Such Response
12031.12

owed or to enforce rights under the terms of an employee benefit plan." *Id.* at *3. "No matter how [plaintiff] characterizes his allegations ... it is clear that under the law of this circuit, his claims fall within the purview of ERISA." *Id.*

33.     As outlined in Paragraphs 8 to 13 above, the Plan Administrator is in charge of receiving the Plaintiff's work restrictions from the doctor. *See* ¶¶8-13 and FN. 7, *supra*. The Plan Administrator is in charge of medical management for Defendant's injuries. *Id.* Further, the Plan Administrator is the party that oversees whether the Plaintiff can return to work and under what restrictions. *Id.* The Plan Administrator then communicates this to the Plaintiff's supervisors, who carry out the Plan Administrator's instructions. *Id.* Whether the Plaintiff has rights to be enforced for violation, retaliation or interference with these doctor's restrictions does not arise under state law, it necessarily arises under ERISA, because it is the Plan that administers these rights. The Plan contains provisions on whether the employee can come back to work, and on following the doctor's orders. *Id.* Under Texas law, there is no prohibition on an employer in a non-worker's compensation standpoint that prevents an employer from ignoring a doctor's work restrictions or from firing, disciplining or otherwise forcing the employee to violate the doctor's work restrictions.  There simply is no cause of action, and certainly no injunctive relief that could be given under state law for these allegations. As such, the Plaintiff's claims necessarily must arise under the Defendant's duties as Plan Administrator and the interpretation of the Plan. The claim for injunctive relief to enforce the Plaintiff's rights to be free from interference of the Plan under work restrictions, is completely preempted under ERISA § 502.

34.     Furthermore, "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-

Defendant's Response to Plaintiff Steve Lemin's Motion to Remand                               Page 15 of 23
and for Sanctions and Brief in Support of Such Response
12031.12

empted by ERISA § 502(a)(1)(B)." *Aetna Health*, 542 U.S. at 210.  Because Plaintiff can bring

his retaliation claim against the Defendant under ERISA for purposes of enforcing the work

restrictions under the ERISA Plan, and because there is no correlating state court cause of action

for the same, then the retaliation claim is completely pre-empted by ERISA, the court has

removal jurisdiction, and the Plaintiff's motion to remand should be denied. *Id.; Ingersoll–Rand*,

498 U.S. at 145 (holding that where a "Texas cause of action purports to provide a remedy for

the violation of a right expressly guaranteed by §510 and exclusively enforced by §502(a)" the

claim is completely pre-empted); *Graf*, 190 F.Supp.2d at 1006.

  *iv. IIED claims are completely pre-empted and removable*

35. Finally, even if the claims for retaliation were only ***a basis*** for intentional

infliction of emotional distress, as opposed to a separate cause of action (as suggested by the

Plaintiff), such claims would still be completely preempted by ERISA.  As set forth above, the

*Meyers* and *Aetna* cases hold that where the claimant has the ability to bring a claim as a separate

lawsuit under the ERISA civil enforcement provisions of 29 U.S.C. §1132, and the claim does

not implicate some separate independent legal duty owed by a defendant under state law, the

claim is completely pre-empted. Under 29 U.S.C. §1132, the Plaintiff can bring a cause of action

to enforce his rights in the Plan, which would include enforcing his rights to have the work

restrictions properly enforced by the Plan Administrator and to be free from intentional conduct

of the Defendant designed to inflict emotional distress on the Plaintiff.[9] 29 U.S.C.

§1132(a)(1)(B) and (a)(3).

---

[9] While SFG vehemently denies its conduct was so extreme or outrageous as to rise to the level of conduct actionable under the theory of intentional infliction of emotional distress under Texas law, Defendant understands for removal purposes, whether the theory is valid or has any merit in the facts of the case is meaningless.  The question is whether the claim as stated in the complaint, taken in the light most favorable to the Plaintiff and assumed true, is enforceable under ERISA and whether any independent state law duty is implicated.

Defendant's Response to Plaintiff Steve Lemin's Motion to Remand  Page 16 of 23
and for Sanctions and Brief in Support of Such Response
12031.12

36.     In Texas, the elements to intentional infliction of emotional distress are: 1) plaintiff is a person, 2) defendant acted intentionally or recklessly, 3) emotional distress suffered by plaintiff was severe, 4) defendant's conduct was extreme and outrageous, 5) defendant's conduct proximately caused plaintiff's emotional distress, and 6) no alternative cause of action would provide a remedy for the severe emotional distress. *Kroger Tex. L.P. v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006); *Hoffman-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004); *Tiller v. McClure*, 121 S.W.3d 709, 713 (Tex. 2003).

37.     In the instant case, the Defendant's alleged extreme and outrageous conduct involves an employment assignment that necessarily invokes the ERISA benefit Plan. To determine if such conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community,"[10] the conduct will be measured against the Plan's provisions or second-guess the Plan Administrator's judgment in stating the tasks the Plaintiff can perform. Either way, the Plaintiff's allegations are inextricably intertwined with the ERISA plan.

38.     Employing similar analysis, the Fifth Circuit has held that a unionized employee's claim of intentional infliction of emotional distress, when based on actions by the employer concerning such matters as job assignments and termination, is preempted by the Labor Management Relations Act because such claims requires interpretation of the collective bargaining agreement governing the employment relationship. *Smith v. Houston Oilers, Inc.*, 87 F.3d 717, 720–21 (5th Cir.1996) (holding that if CBA would not condone the activity, there is no preemption; however, if conduct arises out of activities covered in CBA, emotional distress claim is preempted); *Reece v. Houston Lighting & Power Co.*, 79 F.3d 485, 487 (5th Cir.1996)

---

[10] *Tiller*, 121 S.W.3d at 713

Defendant's Response to Plaintiff Steve Lemin's Motion to Remand                Page 17 of 23
and for Sanctions and Brief in Support of Such Response
12031.12

(holding that "intentional infliction of emotional distress claim against employer was preempted by LMRA since, to evaluate whether defendant's conduct was "outrageous," as required to support claim under Texas law, conduct would be measured against collective bargaining agreement); see also *Ingersoll–Rand*, 498 U.S. at 145 (noting that the pre-emptive effect of ERISA §502 is modeled after the parallels between ERISA §502(a) and § 301 of the LMRA, which the Court had previously given complete pre-emptive effect and found as a basis for removal notwithstanding the "well-pleaded complaint" rule). In a similar vein, the expansive reach of ERISA's complete pre-emptive force should extend to the Plaintiff's claims of intentional infliction of emotional distress, because the conduct of the employer that forms the basis of the complaint concerns matters that requires interpretation of the ERISA governed Plan and no independent legal duty is implicated by the alleged misconduct of the Defendant.

**D.    EXCLUSIVE JURISDICTION PROVIDES BASIS FOR REMOVAL**

**1.    Plaintiff's Application for Injunctive Relief States a Claim for Retaliation and Interference with ERISA Rights and is Exclusively Enforceable under ERISA § 502(a)(3)**

39.    Apart from being removable under the complete pre-emption doctrine, Plaintiff's claim for injunctive relief is removable on exclusive jurisdiction grounds as well. Plaintiff's claims for injunctive relief amount to claims against the Defendant as Plan Administrator that seek to "enjoin any act or practice which violates … the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any … terms of the plan." 29 U.S.C. §1132(a)(3).  Under Texas law and ERISA, the only way to give effect to each of the assertions made by the still pending TRO Application and Amended Petition, is to construe the above-specified allegations as a request for injunction under such section.

Defendant's Response to Plaintiff Steve Lemin's Motion to Remand                    Page 18 of 23
and for Sanctions and Brief in Support of Such Response
12031.12

40.     It follows, then, that the claim for injunctive relief is subject to the exclusive jurisdiction of the federal district courts in accordance with ERISA § 502(e)(1),[11] which states, in relevant part, that

> [e]xcept for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have *exclusive jurisdiction* of civil action under this subchapter brought by the Secretary or a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title (*emphasis added*).

As a claim for injunctive relief against a Plan Administrator can only be brought under ERISA, and under ERISA such claim is governed under subsection (a)(3), not (a)(1)(B), the Federal Courts have exclusive jurisdiction over these claims.  Defendant's removal of the case to federal court was justified, as the removal included claims that address subject matter that is explicitly reserved for the federal district courts and the state court has no jurisdiction over those claims.

41.     Moreover, on the basis of exclusive jurisdiction, this Court can also exercise supplemental jurisdiction over all remaining claims in the instant case because those claims are so related to the circumstances of Plaintiff's request for injunctive relief that they form part of the same case or controversy. 28 U.S.C. § 1367(a). Defendant respectfully submits that this Court should exercise such jurisdiction because none of the remaining claims raises a novel or complex issue of Texas state law or substantially predominates over Plaintiff's claims for injunctive relief, and there are no other compelling reasons for declining such jurisdiction.  *See* 28 U.S.C. § 1367(c).  Furthermore, in the interest of judicial economy and resolving the entire case in a single forum, Defendant submits this Court is the proper forum to do so.

---

[11] 29 U.S.C. § 1132(e)(1)

Defendant's Response to Plaintiff Steve Lemin's Motion to Remand                    Page 19 of 23
and for Sanctions and Brief in Support of Such Response
12031.12

E.   **DEFENDANTS' REQUEST FOR ATTORNEY'S FEES**

42.    This is an alternative response.  Before reaching this issue, it should be noted that if the Plaintiff is not successful in remanding the case, which SFG firmly believes it has shown would be improper, then the Court will not need to address the request for fees.

   i.    *Fees Under Removal Statute*

43.    Pursuant to the removal statute, "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.A. § 1447(c). However, there is no automatic right to costs and fees for an improper removal; "the clear language of the statute makes such an award discretionary." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).

44.    Determining whether removal is proper under § 1447(c) requires consideration of the propriety of the removing party's actions based on an objective view of the legal and factual elements. *Id*. at 293. The Court must evaluate the objective merits of removal at the time of removal, regardless of the fact that it might ultimately determine that removal was improper. *Id*. "[T]he propriety of the defendant's removal continues to be central in determining whether to impose fees." *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993); *see also Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 325 (10th Cir. 1994) (declining to award costs and fees on conclusion that defendant had legitimate basis for believing district court had jurisdiction); *but cf. Morgan Guar. Trust Co. v. Republic of Palau*, 971 F.2d 917, 923 (2d Cir. 1992) (awarding costs and fees only after finding fault with defendant's tactics). The question to be answered is "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Valdes*, 199 F.3d at 293.

Defendant's Response to Plaintiff Steve Lemin's Motion to Remand                                    Page 20 of 23
and for Sanctions and Brief in Support of Such Response
12031.12

45.     As demonstrated in the preceding sections of this Response, Plaintiff has shown a good faith basis for removing this case to federal court, for extending the law in this area, for requesting that new law be made within this circuit, and/or for seeking clarification from the Supreme Court on the issue of remand of this exact type of case.  As such, Plaintiff's request for attorney's fees should be denied.

  ii.     *Rule 11 Sanctions*

46.     Plaintiff also asks the Court to impose sanctions upon counsel for the Defendants for allegations of improper removal of this case. Under Rule 11, "[a] motion for sanctions must be made separately from any other motion ..." FED. R. CIV. P. 11(c)(2). As Plaintiffs include their request for sanctions in their Motion to Remand, the Court should deny the request for sanctions. Further, under Rule 11, a pleading, written motion, or other paper is not sanctionable unless it has been presented for an improper purpose or it includes any of the following: (1) claims, defenses, or other legal contentions not warranted by existing law or by a good-faith argument for extending, modifying, or reversing existing law or for establishing new law, (2) factual contentions that do not have, or are unlikely to have, evidentiary support after a reasonable opportunity for further investigation or discovery, or (3) denials of factual contentions unwarranted by the evidence. FED. R. CIV. P. 11(b)(1)-(4). As shown above, Defendant certainly had a good faith belief that its removal was warranted. Finally, the court must deny Plaintiff's request for Rule 11 sanctions because Plaintiff did not serve the motion on Defendant or Chad Farrar at least 21 days before filing it with the court. FED. R. CIV. P. 11(c)(2); *Barber v. Miller*, 146 F.3d 707, 710-11 (9th Cir. 1998); *Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997). The Plaintiff filed its request for sanctions just 9 days after serving the motion on Mr. Farrar and the Defendant and attempting to confer with the Defendant over the same.

Defendant's Response to Plaintiff Steve Lemin's Motion to Remand                                    Page 21 of 23
and for Sanctions and Brief in Support of Such Response
12031.12

## F.   OTHER REMOVAL ISSUES

47.   All Defendants served with summons at the time of removal consented and/or brought the Notice of Removal of this case to federal court. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this district.  *See* 28 U.S.C. § 1441(a).

WHEREFORE, PREMISES CONSIDERED, Defendant prays the Court deny Plaintiff's Motion to Remand, retain this case on this Court's docket, deny Plaintiff's request for costs and attorney's fees, and grant Defendant all other relief to which it would show itself entitled.

Respectfully Submitted,

MULLIN HOARD & BROWN, LLP
Chad L. Farrar, SBN 00793716
C. Brett Stecklein, SBN 00794688
Park Place at Turtle Creek
2911 Turtle Creek Blvd., Suite 880
Dallas, Texas 75219
Telephone:     (214) 754-0040
Facsimile:      (214) 754-0043

-and-

MULLIN HOARD & BROWN, LLP
M. Andrew Stewart, SBN 24037554
P.O. Box 2585
Lubbock, Texas 79408-2585
Telephone:     (806) 765-7491
Facsimile:      (806) 765-0553


_____/s/ Chad L. Farrar_____
Chad L. Farrar
***Attorneys for Defendant***

Defendant's Response to Plaintiff Steve Lemin's Motion to Remand                      Page 22 of 23
and for Sanctions and Brief in Support of Such Response
12031.12

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 3rd day of October, 2011, a true and correct copy of the foregoing was served via the Court's ECF system to:

Tom Carse
CARSE LAW FIRM
6220 Campbell Road, Suite 401
Dallas, Texas 75248
***Counsel for Plaintiff***

R. Brent Cooper
Timothy M. Dortch
COOPER & SCULLY, P.C.
900 Jackson Street, Suite 100
Dallas, Texas 75202
***Counsel for Plaintiff***

_____
/s/ Chad L. Farrar
Chad L. Farrar

Defendant's Response to Plaintiff Steve Lemin's Motion to Remand                    Page 23 of 23
and for Sanctions and Brief in Support of Such Response
12031.12