IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVE LEMIN, | § | |
|    Plaintiff; | § | |
| | § | |
| v. | § | NO. 3:11-cv-02239-N |
| | § | |
| SOUTHERN FOODS GROUP, L.L.C. d/b/a, | § | |
| Schepps Dairy, | § | |
|    Defendant | § | |

**PLAINTIFF STEVE LEMIN'S REPLY TO DEFENDANTS' RESPONSE TO MOTION TO REMAND AND FOR SANCTIONS**

**COMES NOW** Steve Lemin, Plaintiff in the above-styled and numbered cause, and pursuant to 28 U.S.C. §1447(c), files this Reply to Defendant's Response to Motion to Remand and for Sanctions and would respectfully show the Court the following.

## I.  INTRODUCTION

As previously stated in Plaintiff's Emergency Motion to Remand and for Sanctions, this is a negligence case seeking damages from Defendant Southern Foods as a result of an on the job injury suffered by Plaintiff on March 11, 201. During the relevant time period Defendant Southern Foods was not a subscriber under the Texas Worker's Compensation Act. Plaintiff's petition contains claims for negligence and intentional infliction of emotional distress. Plaintiff has also filed an Application for Temporary Retraining Order, Temporary Injunction and Permanent Injunction (hereinafter "TRO Application"). Defendant Southern Foods filed its Notice of Removal asserting that Plaintiff's claims are preempted by ERISA.

## II. SUMMARY OF THE REPLY

Defendant's removal of this case is baseless and filed in conjunction with the removals of two similar cases styled *Greg Marquez v. Southern Foods Group, L.L.C. d/b/a, Schepps Dairy, No. 3:11-cv-02243-N* and *Joseph Duchane v. Southern Foods Group, L.L.C. d/b/a, Schepps Dairy, No. 3:11-cv-02240-N*. Plaintiff's claims all arise under Texas law and do not involve any issues of federal law. In order to supports its removal, Defendant attempts to entirely recast Plaintiff's claim for an injunction and the claims made in Plaintiff's First Amended Petition in order to inject ERISA into this case to support its removal. Such cannot be the basis for a valid removal and this case should be remanded to state court. Additionally, the timing of the removals suggest they was for delay purposes to avoid the upcoming trial dates in the *Marquez* and *Duchane* cases and thus Plaintiff's should be awarded its attorneys' fees and costs associated with this motion to remand.

## III. REPLY TO DEFENDANT'S RESPONSE

### A. Plaintiff's claims arise under Texas law and do not involve ERISA

While Defendant's Response discusses ERISA at length, Defendant has completely missed the ball in its characterization of Plaintiff's claims since Plaintiff's claims are not governed by ERISA or any federal statues. In its Response, Defendant states that Plaintiff has made claims for retaliation and injunctive relief which give rise to federal jurisdiction under ERISA's complete preemption. Plaintiff will address each of Defendant's assertions.

#### 1. *Plaintiff's TRO Application does not invoke ERISA*

Plaintiff's TRO Application was directed solely at Defendant Southern Foods and its employees regarding the type of work assigned to Plaintiff by Defendant's employees and is not governed by ERISA. Based on a plain reading of the TRO Application, the TRO was clearly aimed at "[t]he acts and conduct of defendant's management employee, namely Richard Brown

and Chris Walsh." (*See* "Exhibit C" to Plaintiff's Brief in Support). Plaintiff does not seek any relief related to the administration of "the Plan" which could give rise to federal jurisdiction under ERISA. (*See* "Exhibit B" to Plaintiff's Brief in Support). In its Response, Defendant questions the validity of the requested relief and recasts Plaintiff TRO Application as a claim against Defendant as the Plan Administrator. (*See* Defendant's Response, ¶ 23-24). Regardless the likelihood of success of Plaintiff's TRO Application on the merits, Defendant is not entitled to completely recharacterize the relief requested in Plaintiff's TRO Application.

Additionally, Defendant references a letter sent by Plaintiff's counsel, Tom Carse, to Terry Stansberry to show Plaintiff's counsel was aware of the Plan and in support of its assertion that Plaintiff's claim is within the purview of ERISA. Plaintiff is aware of the function of the Plan, and if Plaintiff believed there was a violation of the Plan and wished to file a claim under ERISA, then Plaintiff would have done so, but Defendant does not get to choose the relief requested by Plaintiff.

Further, Defendant's argument that Plaintiff's TRO Application is merely an "artfully plead" state law claim that must be recharacterized to reflect is federal nature must fail because this exception to the "well-pleaded complaint" rule is not applicable. As mentioned above the relief requested in the TRO Application was clear, solely directed at the conduct of Richard Brown and Chris Walsh, and does not contain any request for relief related to the Plan. While Defendant discusses ERISA at length and the applicability of its provisions for complete preemption, the majority of the discussion is irrelevant because Defendant's entire premise that Plaintiff sought relief related to the Plan is fundamentally flawed.

Overall, Plaintiff's claims are straightforward and only involve state law. Defendant has recast Plaintiff's claim and muddle the true issues with its lengthy discussion of ERISA in

support of its removal. Under the well-pleaded complaint rule, the focus is Plaintiff's complaint. Since Plaintiff's TRO Application only involves questions of state law and do not seek any relief under ERISA, this case should be remanded to state court.

### 2. *Plaintiff has not made a claim for retaliation*

Despite Defendant's characterization, Plaintiff has not made a claim for retaliation against Defendant or any of its employees and thus a retaliation claim under Section 510 of ERISA may not form the basis for Defendant's removal. In Defendant's Response it attempts to completely recast Plaintiff's entire claim for intentional infliction of emotional distress and focuses on the single word "retaliation" without any regard to the other language contained in the allegation. A fair reading of the complaint clearly shows, however, the claim is for intentional infliction of emotional distress and not retaliation. Plaintiff is aware of the applicability of retaliation to non-subscribers under Texas law and since the Texas Supreme Court foreclosed a cause of action for retaliation under Texas Labor Code § 457.001, Plaintiff chose not to bring such a claim.

Under the well-pleaded complaint rule, "a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint. *Gutierrez v. Flores,* 543 F.3d 248, 251-52 (5th Cir. 2008). Further, it is important to note that the claim at issue was brought against Richard Brown and Chris Walsh as a result of their treatment of Plaintiff and Plaintiff makes no mention of an ERISA benefit in its Petition or that Defendant Brown or Walsh conduct was supported by any provisions of the ERISA plan. Instead, Plaintiff alleges that the conduct of is retaliatory in nature, which forms the basis for the claim of intentional infliction of emotional distress. Defendant's attempt to entirely recast Plaintiff's Petition and to infer additional claims not apparent on the face of Plaintiff's Petition should not be permitted by this Court and may not form the basis of a proper removal. Therefore, since

Plaintiff has not made a claim for retaliation in its Petition, there is no federal jurisdiction under ERISA and this case must be remanded to the state court.

### 3. *Plaintiff's claim for Intentional Infliction of Emotional Distress is not pre-empted by ERISA*

Plaintiff's claim for intentional infliction of emotional distress does not concern Defendant's ERISA plan and thus is not pre-empted and this case should be remanded to state court. Defendant correctly notes the elements of a claim for intentional infliction of emotional distress and the standard for proving "extreme and outrageous conduct" to support such a claim. *See Tiller v. McClure*, 121 S.W.3d 709, 713 (Tex. 2003); Defendant's Response, ¶ 36-37. Defendant's use of cases discussing the Labor Management Relations Act, however, completely misses the point with respect to pre-emption. The cases cited by Defendant are inapplicable because they concern unionized labor where the entire relationship between union employees and management is covered by a collective bargain agreement. *See Smith v. Houston Oilers, Inc.*, 87 F.3d 717, 719 (5th Cir. 1996); *Reece v. Houston Lighting & Power Co.*, 79 F.3d 485, 487 (5th Cir. 1996). Additionally, even under the LMRA, pre-emption is not automatic; instead the conduct arises out of activities covered in the agreement. *Smith*, 87 F.3d at 719. In both *Smith* and *Reece*, however, the collective bargain agreement is meant to define the conduct of each party, a key distinction from this case. In this case, ERISA does not set a standard for the conduct of Defendant Brown and Defendant Walsh and Plaintiff's complaint is not based work orders issued by Plaintiff's doctor. Instead, it is targeted at the specific conduct of Defendants Brown and Walsh and their outrageous and inexcusable treatment of Plaintiff. As such, Plaintiff's claim for intentional infliction does not involve ERISA or any interpretation of the ERISA plan and thus this case should be remanded to state court.

**B.     Defendant did not have objectively reasonable grounds for removal and Plaintiff's should be awarded attorney's fees and costs**

Defendant's removal is completely unsupported by the case law and aimed at delaying the upcoming trial settings in the *Marquez* and *Duchane* cases, which were set on September 13th and October 24, respectively. While the trial in this matter is not imminent, Plaintiff removed this case to remain consistent. As explained above, Defendant removed this case to federal court by completely recasting the relief sought in Plaintiff's TRO Application and First Amended Petition. Defendant's argument does not involve an extension of the law, but a complete recasting of the relevant facts. It is apparent that Defendant did not have objectively reasonable grounds to believe the removal was legally proper. *See Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2002). Therefore, this Court should award Plaintiff its attorneys' fees and costs associated with this motion and remand this case to state court.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests that the Court grant its Motion to Remand and for Sanctions, remand the case to state court, award Plaintiff its attorneys' fees and costs associated with this motion and grant it such other and further relief to which it may be justly entitled.

Respectfully submitted,

**CARSE LAW FIRM**

By: /s/ Tom Carse_____
    **TOM CARSE**
    State Bar No. 00796310

6220 Campbell Road, Suite 401
Dallas, Texas 75248
Telephone: (972) 503-6338
Telecopy: (972) 503-6348

**COOPER & SCULLY, P.C.**

By: /s/Timothy M. Dortch _____
    **R. BRENT COOPER**
    State Bar No. 04783250
    **TIMOTHY M. DORTCH**
    State Bar No. 24044981

Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Telecopy: (214) 712-9540

**COUNSEL FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing document was served on all parties of record pursuant to the Federal Rules of Civil Procedure on the 18th day of October, 2011.

    /s/Timothy M. Dortch_____
    **TIMOTHY M. DORTCH**